UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NINETTE TANGUMA,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-948-G |
| **KIM KARDASHIAN et al.,** | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Ninette Tanguma, appearing pro se, filed her Complaint (Doc. No. 1) on September 27, 2018. *See* Compl. at 1.[1] Upon review, the Court dismisses the Complaint.

### BACKGROUND

In her Complaint, Plaintiff named as defendants Kim Kardashian and Cambridge Analytica. *See id.* The Complaint provides in its entirety:

> Paid a group of people to stalk me, entrap me, psychotronic me. Steal my identity, entrap my family as well as friends to alienate me and gang stalk me. Since 2005. She, "they" keep trying to embezzle all of my royalties and income from overseas as well as my inheritance over and over. They have also kidnapped my husband Darryl Jackson and daughter Kelsey Conrts and adopted (not legally) dad James Stephen Welks.

*Id.*

### DISCUSSION

Although courts construe pro se litigants' pleadings liberally, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor*

---
[1] Citations to filings in this Court use the CM/ECF pagination.

*Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted); *accord Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining that "[t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

As detailed below, Plaintiff's Complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, which states in relevant part:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). As a result, the Complaint may be dismissed pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007) (holding that Fed. R. Civ. P. 41(b) "specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure," including the "failure to satisfy Rule 8"). A district court may "employ[] Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 . . . without attention to any particular procedures," *id.* at 1162, and specifically need not wait on a motion to dismiss, *see Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Even under a liberal construction, Plaintiff's Complaint fails to meet any of the Rule 8(a) criteria for stating a claim for relief and is therefore subject to dismissal under Rule 41(b). First, Plaintiff's Complaint does not include a statement of the grounds upon which Plaintiff invokes the Court's jurisdiction, as required by Federal Rule of Civil Procedure 8(a)(1). *See* Fed. R. Civ. P. 8(a)(1); *Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015) ("Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." (internal quotation marks omitted)); *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("[T]he party pleading jurisdiction 'must allege in his pleading the facts essential to show jurisdiction.'"). Even with liberal construction, the Court can discern no arguable premise for jurisdiction in this Court. The Complaint contains no allegation of violation of the United States Constitution or of a federal law or treaty as required to invoke 28 U.S.C. § 1331; nor does the Complaint articulate grounds sufficient to establish the diversity-of-citizenship and amount-in-controversy requirements of 28 U.S.C. § 1332. *See* Compl. at 1; *cf.* Fed. R. Civ. P. 8(a)(1).

Second, Plaintiff's Complaint fails to meet the standards of Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement showing that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). "While the pleading standard Rule 8 announces does not require detailed factual allegations, the complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (citation and internal quotation marks omitted). This standard is met "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 550 U.S. 544, 678 (2009)). Here, the Complaint contains only bare legal conclusions, unsupported by factual allegations, which are not entitled to the assumption of truth. *See id.*

Third, the Complaint does not contain a demand for the relief sought, as required by Federal Rule of Civil Procedure 8(a)(3). *See* Fed. R. Civ. P. 8(a)(3); *United States ex rel. Hanlon v. Columbine Mgmt. Servs., Inc.*, No. 13-cv-00826-REB-KLM, 2015 WL 11658699, at *2 (D. Colo. Oct. 23, 2015) ("Although the Court and Defendants may be able to divine the relief sought by Plaintiffs by piecing together portions of the . . . Complaint, this is not the standard that must be met. [Rule 8(a)(3)] require[s] Plaintiffs to provide a clearly-stated demand for relief, and that was not done here.").

For these reasons, the Complaint is subject to dismissal for failure to comply with the pleading requirements of Rule 8(a).

## CONCLUSION

Accordingly, Plaintiff's Complaint (Doc. No. 1) is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is DENIED as moot.

ENTERED this 16th day of October, 2018.

CHARLES B. GOODWIN
United States District Judge